UNITED STATES OF AMERICA

IN THE WESTERN DISTRIC OF MICHIGAN

Hamid Reza Khorrami
    Plaintiff,
v

Marymargaret Bradbury, Donovan Moore,
Timothy Mapley, City of Lansing, a Michigan
Municipal corporation.
    Defendants.
_____/

Case No.

Hon.
District Court Judge

Robert K. Ochodnicky (P75766)
ABMD Law
Attorneys for Plaintiff
126 N. Hagadorn
East Lansing, MI 48823
517-295-3634
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, for his complaint, states:

1. Plaintiff is a competent adult and a resident of Ingham County and the Western District of Michigan.

2. Defendant Marymargaret Bradbury, at all times pertinent to this complaint, was a police officer for the Defendant City of Lansing, Michigan.

3. Defendant Bradbury's county of residence is unknown and her place of conducting business is Ingham County and the Western District of Michigan.

1

4. Defendant Donovan Moore, at all times pertinent to this complaint, was a police officer for the Defendant City of Lansing, Michigan.

5. Defendant Moore's county of residence is unknown and his place of conducting business is Ingham County and the Western District of Michigan.

6. Defendant Timothy Mapley, at all times pertinent to this complaint, was a police officer for the Defendant City of Lansing, Michigan.

7. Defendant Mapley's county of residence is unknown and his place of conducting business is Ingham County and the Western District of Michigan.

8. Defendant City of Lansing is a municipal corporation organized under the laws of the State of Michigan and conducts its business in Ingham County, Michigan, in the Western District of Michigan.

9. This cause of action arose in the City of Lansing, Ingham County, Michigan in the Western District of Michigan.

10. At all times relevant to this matter, all Defendants were acting under color of law.

11. This Court has jurisdiction pursuant to 28 USC §1331 as the claims are based on 42 USC §1983 and alleged violations of Plaintiff's Federal Constitutional Rights.

**GENERAL ALLEGATIONS**

12. Paragraphs 1 through 12 above are incorporated herein by reference.

13. On November 20, 2020 at approximately 8:15 PM Plaintiff was at his own property at 304 S. Mifflin, Lansing, Michigan.

14. Plaintiff regularly allows indigent individuals in his neighborhood to enter his home, including homeless individuals and provides them with food at no cost.

15. An individual whom he had allowed to enter the home on November 20, 2020 had entered his home, stolen money from his wallet, and assaulted him.

16. That same individual and her friend conspired to call the police and falsely report that Plaintiff had assaulted her in order to avoid responsibility for their actions.

17. Defendants Mapley, Bradbury and Moore responded to the claims and took a statement from Plaintiff.

18. Plaintiff, who speaks with an accent, was not properly understood by Defendants, as the police report states the statements he made were "inconsistent"; however, his story was not inconsistent.

19. Several other officers arrived on the scene with guns drawn.

20. One officer on the scene advised Defendant Bradbury that had Plaintiff committed an assault by strangulation there would have been evidence of a struggle including items strewn in the small area where the alleged offense occurred and Defendant Bradbury, despite finding no evidence of a struggle or items being strewn about in the area decided to wrongfully arrest Plaintiff on the charge.

21. Defendants Mapley and Bradbury handcuffed Plaintiff despite Plaintiff's cooperation and despite Plaintiff's explanation that he was disabled due to his hand and shoulder being injured and that they could not go behind his back.

22. Plaintiff offered to allow Defendants to handcuff him with his hands out front to avoid injury, but Defendants refused.

23. Defendants forcibly put Plaintiff into police car despite his cooperation and injuries and in the process severally injured Plaintiff's knee.

24. Plaintiff explained he had medication for health conditions that he would be required to take if incarcerated and Defendants failed to allow him to retrieve his medication.

25. Despite this entire encounter with Plaintiff occurring outside the residence, Defendant Mapley entered Plaintiff's home without permission to search for weapons and found nothing.

26. Once incarcerated, Defendants failed to provide Plaintiff with his medication and failed to follow appropriate COVID-19 protocols including the failure to provide Plaintiff with a proper mask.

27. Defendants falsely charged Plaintiff with Assault by Strangulation.

28. The charges against Plaintiff were dismissed.

29. Between Plaintiff's arrest and the dismissal of the charges, Plaintiff was subjected to pretrial releases conditions which required his appearance at court proceedings and limited his travel.

## COUNT 1- 42 U.S.C. §1983
## FOURTH AMENDMENT-EXCESSIVE FORCE

30. Paragraphs 1 through 28 above are incorporated herein by reference.

31. The Fourth Amendment of the U.S. Constitution protects against the use of excessive force in making an arrest.

32. Plaintiff complied with verbal orders and explained his disabilities prior to the Defendants making excessive physical contact with him.

33. Defendants had no authority to use any force on Plaintiff as they had no basis to arrest him.

34. Notwithstanding the lack of basis for arrest, Defendants injured Plaintiff's hand, shoulder, and knee despite him explaining his injuries and disabilities and did so without cause.

35. Defendants forcibly moved Plaintiff's arm to a position it would not move to due to disability and forcibly placed him in the vehicle injuring his knee despite complete cooperation on the part of Plaintiff.

36. Each Defendant was in a position to prevent the excessive force being applied by the other Defendants, but failed to act.

37. No Defendant was acting in self-defense as Plaintiff made no physical gestures or threats to them and was unarmed.

38. The amount of force used by Defendants exceeded the force necessary to effectuate an arrest.

39. Plaintiff required knee surgery after this incident and is currently undergoing treatment for his shoulder and back.

40. The conduct of Defendants was a direct and proximate cause of the physical injuries to Plaintiff described above.

41. Plaintiff suffered emotional harm in the form of extreme anxiety, nervousness, and worry when he sees or is near a police officer.

42. The conduct of Defendants was a direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights to be free from excessive force.

43. The amount of force used by Defendants was unreasonable under the circumstances and a violation of Plaintiff's constitutional rights under the Fourth Amendment.

44. As of November 20, 2020, it was clearly established that the Fourth Amendment to the United States Constitution allows a police officer to use only the force that is reasonably necessary to effectuate an arrest in the course of an arrest.

45. As of November 20, 2020, it was clearly established that using more force than what is reasonably necessary to effectuate an arrest is a violation of the Fourth Amendment of the United States Constitution.

46. No reasonably trained or experienced police officer would have believed it necessary to take physical control of Plaintiff, injure his shoulder in handcuffing him and injure his knee in putting him in the patrol car when he was being completely compliant with all requests.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff against Defendants in an amount not less than $25,000.00 each.

## COUNT 2- 42 U.S.C. § 1983
## FOURTH AMENDMENT-FAILURE TO PREVENT EXCESSIVE FORCE

47. Paragraphs 1 through 45 above are incorporated by reference.

48. Each Defendant was in a position to see and prevent the conduct of the other Defendants when excessive force was inflicted on Plaintiff.

49. As a sworn police officer, each Defendant had a duty to prevent constitutional violations by other police officers and had the opportunity to prevent that conduct in this case.

50. The failure to prevent the other Defendants from using excessive force on Plaintiff was a violation of Plaintiff's right to be free from excessive force under the Fourth Amendment in the United States Constitution.

51. Each Defendant's failure to prevent the use of excessive force by the other Defendants is a violation of Plaintiffs rights to be free from excessive force under the Fourth Amendment in the United States Constitution.

52. Each Defendants failure to prevent the other Defendants' use of excessive force and/or entry into the home was a direct and approximate cause of the injuries to Plaintiff as described herein.

53. As of November 20, 2020, it was clearly established that failing to prevent another police officer from committing a constitutional violation if there is an opportunity to prevent it is a violation of the Fourth Amendment of the United States Constitution.

54. No reasonably trained and experienced police officer would have believed it lawful to fail to prevent the use of excessive force by the other Defendants under these circumstances.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendants in an amount of not less than $25,000.00 each.

### COUNT 3- 42 U.S.C. § 1983
### FOURTH AMENDMENT-INVASION OF PRIVACY

55. Paragraphs 1-53 above are incorporated herein by reference.

56. The Fourth Amendment of the United States Constitution protects against entry into dwellings without a warrant based on probable cause or a recognized exception to the warrant requirement.

57. Defendant Mapley had no probable cause or other authority to enter Plaintiff's dwelling.

58. Defendant Mapley entered the Plaintiff's home without his permission despite Plaintiff stating he did not need anything from inside.

59. As of November 20, 2020, it was clearly established law that law enforcement officers may not enter a dwelling without probable cause or a recognized exception to the requirement for a warrant.

60. On or about November 20, 2020, no reasonably trained law enforcement officer would have believed that entering Plaintiff's dwelling was lawful.

61. The conduct of the Defendants caused Plaintiff to be deprived of his right to privacy in violation of the Fourth Amendment to the United States Constitution.

62. Plaintiff was damaged by the conduct of Defendants in that Plaintiff suffered stress, anxiety, embarrassment, humiliation, loss of privacy, and damage to his property.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendants in an amount of not less than $25,000.00 each.

### COUNT 4- 42 U.S.C. § 1983
### FALSE ARREST

63. Paragraphs 1 through 61 above are incorporate herein by reference.

64. On November 20, 2020, Defendants Mapley and Bradbury took physical control of Plaintiff on the front lawn of Plaintiff's dwelling.

65. Defendants Mapley and Bradbury verbally told Plaintiff he was under arrest for assault by strangulation.

66. Defendants Mapley and Bradbury forcibly controlled Plaintiff and put handcuffs on his wrists behind his back despite Plaintiff cooperating and informing them of disability due to his arm and shoulder injuries.

67. Defendants Mapley and Bradbury had no statutory authority to make an arrest because they did not witness a misdemeanor offense in their presence.

68. Defendants Mapley and Bradbury did not have a warrant to arrest Plaintiff.

69. Defendants Mapley and Bradbury did not have probable cause to believe that Plaintiff had committed any criminal offense.

70. The conduct of Defendants Mapley and Bradbury on November 20, 2020 caused a violation of Plaintiff's Fourth Amendment right to not be deprived of his liberty except upon the basis of a warrant or probable cause to believe a crime had been committed.

71. As of November 20, 2020, it was clearly established that an arrest must be based on a judicially issued warrant or probable cause to believe a crime was committed.

72. As of November 20, 2020, no reasonably trained law enforcement officer would have believed that arresting Plaintiff would not be a violation of the United States Constitution.

73. Plaintiff was damaged by the conduct of Defendants Mapley and Bradbury in that he suffered loss of liberty, stress, anxiety, embarrassment, and humiliation.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in favor of the Plaintiff against Defendants in an amount not less than $25,000.00 each.

### COUNT 5- 42 U.S.C. § 1983
### FALSE IMPRISONMENT

74. Paragraphs 1 through 72 above are incorporated herein by reference.

75. Plaintiff was forced to remain in a jail cell for approximately 12 hours until he was released.

76. Plaintiff was not provided the medications he requested and informed the Defendants were required by him during his imprisonment.

77. Plaintiff was not provided with appropriate safety gear during the COVID-19 pandemic during the time of his imprisonment.

78. Plaintiff was aware he was being confined and restrained.

79. Plaintiff's confinement was without probable cause to support the need for the arrest or the treatment.

80. The conduct of Defendants on November 20, 2020, caused a violation of Plaintiff's Fourth Amendment right to not be falsely imprisoned except upon the basis of a warrant or probable cause to believe the confinement was necessary.

81. As of November 20, 2020, it was clearly established that imprisonment must be based on a judicially issued warrant or probable cause to believe a crime was committed.

82. As of November 20, 2020, no reasonably trained law enforcement officer would have believed that confining Plaintiff would not be a violation of the United States Constitution.

83. Plaintiff was damaged by the conduct of Defendants in that he suffered unlawful confinement, stress, anxiety, embarrassment, and humiliation.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff against Defendants in an amount of not less than $25,000.00 each.

## COUNT 6- 42 U.S.C. § 1983
### 4th AMENDMENT-MALICIOUS PROSECUTION

84. Paragraphs 1 through 82 above are incorporated herein by reference.

85. Defendant Bradbury had no probable cause to submit a warrant request seeking any charges against Plaintiff.

86. Defendant Bradbury falsely stated in her police report that Plaintiff had committed the crime of assault by strangulation to initiate the arrest.

87. Defendant Bradbury falsely claimed that Plaintiff gave contradictory accounts of what happened.

88. Defendant Bradbury knew that a prosecutor would rely on the false statements in her police report to determine whether probable cause existed to authorize prosecution.

89. Defendant Bradbury's submission of the police report and warrant request was a direct and proximate cause of the authorization of a criminal charge against Plaintiff.

90. Defendant Bradbury's submission of the warrant request was malicious and intentional.

91. Plaintiff was injured to the extent that he had to submit himself to the jurisdiction of the 54-A District Court including arraignment and being placed on pre-trial release with restrictions on his liberty.

92. Plaintiff was injured to the extent that he suffered the anxiety, stress, and worry associated with facing criminal charges carrying a possible period of incarceration and out of pocket expense.

93. As of November 20, 2020, it was clearly established that causing the prosecution of a citizen without probably cause was a violation of the Fourth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution.

94. As of November 20, 2020, no reasonably trained and experienced police officer would have believed it lawful to submit a warrant request under the circumstances presented here.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment for Plaintiff and against Defendant Bradbury in the amount of not less than $25,000.00

**COUNT 7- 42 U.S.C. § 1983**
**FAILURE TO TRAIN AND SUPERVISE- DEFENDANT CITY OF LANSING**

95. Paragraphs 1 through 93 above are incorporated herein by reference.

96. The City of Lansing has been on notice of the use of excessive force by its police officers for many years prior to November 20, 2020.

97. As of November 20, 2020, Defendant City of Lansing was deliberately indifferent to whether a constitutional violation would occur to its citizens as a direct and proximate result of its failure to train its officers in the proper use of force and based on several previous incidents of excessive force by the City of Lansing Police Department.

98. As of November 20, 2020, it was clearly established that failure to train officers for performing routine and expected tasks within their job assignments could be considered a deliberate indifference to the constitutional rights of citizens.

99. As of November 20, 2020, it was clearly established that failure to supervise police officers in the performance of their routine duties could be considered a deliberate indifference to the constitutional rights of citizens.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment for Plaintiff and against Defendant City of Lansing in an amount not less than $100,000.00

**COUNT 8**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT**

100. Plaintiff asserts this count under Title II of the Americans with Disabilities Act, 42 U.S.C. § 1231 *et seq*.

101. Plaintiff is a person with a disability as defined by 42 U.S.C. 12102, 29 U.S.C. 705 because his shoulder injury limits several of his major life activities as he has a degree of functional limitation in the use of his arm which impairs his ability to conduct daily life activities.

102. As soon as Defendants attempted to handcuff Plaintiff, he indicated his disability to Defendants.

103. Defendants knew or should have known Plaintiff was disabilied due to his disclosures regarding the limitation in the use of his arm he described. Plaintiff even offered to Defendants to have the handcuffs placed in front of his body as that would not exacerbate his injury.

104. Nevertheless, Defendants ignored Plaintiff's disclosures and failed to reasonably accommodate Plaintiff, handcuffed him behind his back and injured his shoulder and back even further, requiring him now to seek further treatment.

105. Potential accommodations might have included, but are not limited to, not handcuffing Plaintiff as he was completely cooperating and/or placing the cuffs in front of him as to not further injure his shoulder. Defendants had no reason to arrest Plaintiff in the first place; however, could and should have provided these accommodations

106. Defendants also injured Plaintiff's knee when placing him the police car using excessive force and and failed to provide him with his necessary medication and appropriate COVID saftey precautions when he was incarcerated overnight.

107. By failing to take any measures for reasonable accommodations, Defendants denied Plaintiff benefits and services of their police department, municipality, as well as subjected him to discrimination on account of his disability.

108. As public entities that receive federal financial assistance, Defendant City of Lansing are vicariously liable for the Defendant Officer's violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

109. Additionally, Defendant City of Lansing are liable pursuant to 42. U.S.C. § 1983 for violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, as these violations are a result of a failure to train, monitor, and discipline their officers and

employees; there deliberate indifference thereto; and a practice, policy, and/or custom of the Lansing Police Department.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment for Plaintiff and against Defendant City of Lansing in an amount not less than $100,000.00

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Honorable Court:

1. Enter Judgment against each Defendant as specified in the above counts in an amount awarded by the jury but in no case less than the relief specified in each count;

2. Award Plaintiff his costs and attorney fees as authorized by 42 U.S.C §1988;

3. Award Plaintiff his interest on the judgment to the date of the Complaint as authorized by law;

4. Because each individual Defendant's conduct was willful, malicious and intended to inflict monetary loss, humiliation, embarrassment and mental anxiety to Plaintiff, award exemplary damages to Plaintiff in an amount of not less than $100,000.00; and

5. Award Plaintiff any other relief as equity and justice demand.

Signature by Plaintiff

Dated: November 18, 2022                                  _____
                                                                                            Hamid Reza Khorrami

Signature by Attorney:

Dated: November 18, 2022                                  _____
                                                                                           Robert K. Ochodnicky (P75766)
                                                                                           Attorney for Plaintiff
                                                                                          126 N Hagadorn
                                                                                          East Lansing, MI 48823
                                                                                          517-295-3634

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all counts.

Dated: November 18, 2022

                                                                                                      _____
                                                                                                      Robert K. Ochodnicky (P75766)
                                                                                                        Attorney for Plaintiff
                                                                                                        126 N Hagadorn
                                                                                                        East Lansing, MI 48823
                                                                                                        517-295-3634